### Jones et al. v. Lewis et al.

*Municipalities — Zoning ordinance — Appeal — Hearing — Act of May 1, 1923—Building laws.*

1. The Act of May 1, 1923, P. L. 122, contemplates a hearing on appeal to the zoning board from the action of the superintendent of building inspection, with notice to the parties of the time and place fixed, so that all parties interested may appear.

2. If the objectors to the granting of the certificate of compliance fail to receive a full opportunity to make objection to granting the certificate, notice will avail them nothing.

3. Where a full hearing is not given to the objectors by the zoning board to the granting of a certificate, a rehearing, with reasonable notice of the time and place, will be ordered by the court on an appeal from the action of the said board.

Appeal from board of zoning appeals. C. P. Lackawanna Co., March T., 1926, No. 547.

M. W. Lowry, for appellants; A. A. Vosburg, for appellees.

BARBER, P. J., 45th judicial district, specially presiding, Feb. 25, 1926.—On Aug. 24, 1925, Edward A. Lewis, as owner of the premises No. 124 Oak Street, located in zone "A," lot 1, block 71, in the 2nd Ward of the City of Scranton, applied to the superintendent of the bureau of building inspection for a certificate of compliance under the City Zoning Ordinance of 1924, which application was refused; whereupon the applicant appealed from the decision of said superintendent to the board of zoning appeals, which board gave notice that a public hearing would be held at City Hall at 10 o'clock A. M., on Oct. 9, 1925, upon said application of Edward A. Lewis for a certificate of compliance for premises situate at the southwest corner of Church and Oak Streets.

Jones et al. *v.* Lewis et al.

In their petition presented Jan. 30, 1926, to the Court of Common Pleas of Lackawanna County, asking to be allowed to appeal from the action of the board of zoning appeals, appellants set forth that at the time and place fixed for hearing they and other interested property owners residing in the same block and fronting on Church Avenue and on Oak Street were present to object to the granting of said application and to state their reasons; that they remained in the council chamber where the board was in session from 10 A. M. until noon, during the hearing of other cases; that near the noon hour the Lewis application was called, "and the board, after hearing Mr. Lewis's statement and a very brief statement by counsel for the property owners, the appellants hereto, stated that they would not hear the testimony at that time, but would first view the property, and the session adjourned with the understanding that the property owners who were present to testify would be given an opportunity to be heard by the zoning board before the said zoning board of appeals should make its finding and dispose of the case."

No testimony was taken in court, but at the argument the above statements were not controverted, except as to whether what occurred at the noon hour was not a hearing as contemplated by the act.

By an order dated Dec. 7, 1925, the board of zoning appeals directed the superintendent of the bureau of building inspection to issue a certificate of compliance as applied for, to Mr. Lewis, for property situate at Church Avenue and Oak Street, Scranton, Pa.

Appellants in their petition aver that they had no knowledge of said order until Jan. 9, 1926, when, in reply to an inquiry by a resident of said block as to what had been done by the zoning board with reference to the Lewis appeal, the secretary of the board informed him that the appeal of Mr. Lewis had been sustained and on Dec. 7, 1925, the superintendent had been directed to grant the certificate requested.

The petitioners further aver that on Jan. 12, 1926, they presented their petition to the zoning board asking for a rehearing, and that they were advised the matter had been referred to the city solicitor, but that by reason of the resignations of the secretary and two members of the zoning board, no further hearing could be had; that the new secretary, not knowing of the pending application for rehearing, on Jan. 8, 1926, at the request of Mr. Lewis, issued a certificate of compliance in accordance with the board order of Dec. 7, 1925.

On Jan. 30, 1926, the court granted the prayer of the petition and allowed an appeal from the order of the zoning board entered Dec. 7, 1925.

Petitioners allege that the order of the board is illegal and in violation of sections 5, 6, 26 and 42 of the Zoning Ordinance of 1924, and made without hearing the testimony of witnesses and owners of adjacent property on Church Avenue and Oak Street.

The Act of May 1, 1923, P. L. 122, regulating the procedure before the board of zoning appeals, in section 4, provides: "The board of appeals shall fix a reasonable time for the hearing of the appeal and give notice thereof to the parties and decide the same within a reasonable time. Upon the hearing, any person may appear in person or by agent or attorney."

The act contemplates a hearing with notice of the time fixed, so that all parties interested may appear. At such time, if parties are not afforded a full opportunity to be present in person or by attorney and make objection to the application for a certificate of compliance, then notice will avail them nothing.

Jones et al. *v.* Lewis et al.

What occurred before the board about noon on Oct. 9, 1925, does not appear to be the hearing contemplated by the act. Had parties been fully heard, we should hesitate to review the conclusions reached by the statutory body constituted for the special purpose of passing upon the matters in controversy, but in keeping with the right of parties interested and entitled to notice of the proceedings to be heard, we feel that appellants should be afforded an opportunity to show the violation of the ordinance as alleged.

*Decree.*

And now, to wit, Feb. 25, 1926, upon hearing counsel for parties to the appeal and consideration of allegations in appellants' petition not denied, the decision of the board of zoning appeals rendered Dec. 7, 1925, is reversed; the certificate of compliance issued Jan. 18, 1926, by the superintendent of the bureau of building inspection revoked, and the board of zoning appeals directed to grant appellants, Willard R. Jones and Irving D. Westcott and others interested, a rehearing, after reasonable notice of the time and place fixed, upon the appeal to the board of zoning appeals by appellees, Edward A. Lewis and others, from the refusal of the superintendent of the bureau of building inspection to grant a certificate of compliance for the property in said appeal fully described.

From William A. Wilcox, Scranton, Pa.